ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 3 0 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| ALFREDO MERAS; NORMA ESCOBAR, AS NEXT FRIEND TO DANIELLA ESCOBAR, A MINOR; TALIA GASTON; and NICASIO MERAS, <br><br>Plaintiffs,<br><br>vs.<br><br>PACCAR, INC., INDIANA MILLS & MANUFACTURING, INC, and NATIONAL SEATING COMPANY,<br><br>Defendants. | §§§§§§§§§§§§§§ Civil Action No. _____<br><br>JURY<br>**3-09CV1418-L** |

## COMPLAINT

Plaintiffs Alfredo Meras, Norma Escobar, as Next Friend of Daniella Escobar, a Minor, Talia Gaston and Nicasio Meras bring this products liability action against Defendants Paccar, Inc., Indiana Mills & Manufacturing, Inc., and National Seating Company.

### I.

### PARTIES

1. Plaintiff Alfredo Meras is a resident of Stephenville, Erath County, Texas and citizen of the State of Texas.

2. Plaintiff Norma Escobar, as Next Friend of Daniella Escobar, is a resident of Comanche, Comanche County, Texas and citizen of the State of Texas. Plaintiff Norma Escobar is the legal parent of Daniella Escobar, a minor, who was the legal child of Alfredo Meras at the time of the incident made the basis of this suit.

3. Plaintiff Talia Gaston is a resident of McKinney, Collin County, Texas and citizen of the State of Texas. Plaintiff Talia Gaston was the legal child of Alfredo Meras at the time of the incident made the basis of this suit.

4. Plaintiff Nicasio Meras is a resident of Fort Worth, Tarrant County, Texas and citizen of the State of Texas. Plaintiff Nicasio Meras was the legal child of Alfredo Meras at the time of the incident made the basis of this suit.

5. Defendant Paccar, Inc. ("Paccar") is a corporation organized under the laws of the State of Delaware. Service of process can be accomplished by serving the Summons and Complaint, in duplicate, by Certified Mail Return Receipt Requested upon Paccar, Inc.'s registered agent for service, The Prentice-Hall Corporation, Syst+, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

6. Defendant Indiana Mills & Manufacturing, Inc., is a corporation organized under the laws of the State of Indiana. Service of process can be accomplished by serving the Summons and Complaint, in duplicate, by Certified Mail Return Receipt Requested upon Indiana Mills & Manufacturing, Inc.'s registered agent for service, James R. Anthony, 18881 US 31 N, Westfield, Indiana 46074.

7. Defendant National Seating Company is a corporation organized under the laws of the State of Delaware. Service of process can be accomplished by serving the Summons and Complaint, in duplicate, by Certified Mail Return Receipt Requested upon National Seating Company's registered agent for service, C T Corporations System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

## II.

## JURISDICTION AND VENUE

8. Since complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, this court has diversity jurisdiction under 28 U.S.C. 1332. Venue is proper in this district and division.

## III.

## FACTS

9. On February 22, 2008, Alfredo Meras sustained permanent cervical injuries in a rollover accident involving his 2005 Peterbilt truck, VIN 1XP5DB9X750B57260, that occurred at approximately 3:00 a.m. on SH-6, approximately 0.6 miles south of Clifton, Bosque County, Texas, when another vehicle crossed the center line and struck the Peterbilt truck, causing the Peterbilt truck to go out of control and roll over.

## IV.

## STRICT LIABILITY AND NEGLIGENCE CLAIMS AGAINST DEFENDANTS PACCAR, INC., INDIANA MILLS & MANUFACTURING, INC. AND NATIONAL SEATING COMPANY

10. Plaintiffs adopt and re-allege each paragraph above as if set forth herein.

11. Defendants designed, tested, manufactured, marketed, distributed, and sold the 2005 Peterbilt truck, seat belt, and driver seat.

12. Defendants defectively designed, marketed, and distributed the truck and its occupant restraint system as follows:

    a.    the truck was not equipped with an electronic stability control system ("ESC") or a Bendix Electronic Stability Program or similar alternative, to reasonably minimize loss of control and rollover collisions;

    b.    the roof structure of the truck does not safely minimize brain and cervical injuries to occupants in rollover collisions;

    c.    the side tempered glass of the truck does not safely minimize brain and cervical injuries to occupants in rollover collisions;

    d.    the seat belt system of the truck fails to reasonably minimize brain and cervical injuries in rollover collisions;

    e.    the truck is not equipped with an integrated air bag, seat, and seat belt system to minimize brain and cervical injuries to occupants in rollover collisions;

  f.  the padding on the roof fails to reasonably minimize brain and cervical injuries to occupants in rollover collisions; and

  g.  the warnings and/or instructions fail to adequately warn or instruct consumers of the hazards associated with the truck and occupant restraint system.

13. There were safer alternative designs, including Electronic Stability Control ("ESC") and/or Bendix Electronic Stability program, stronger roofs, glazing or laminated side windows, all-belts-to-seat with cinching latch plates, and/or buckle and/or retractor pretensioners, rollover air bags, alternative seats, and sensing systems for rollovers, and padding designs that would have prevented or significantly reduced the risk of Mr. Meras' injuries without substantially impairing the utility of the truck or otherwise increasing the risk of other injuries.

14. The design of the truck and/or the occupant restraint system does not comply with any mandatory safety standards or regulations adopted and promulgated by the federal government, or an agency of the federal government, that were applicable to the vehicle model at the time of manufacture and that governed the product risks that caused Mr. Meras' injuries.

15. Pleading in the alternative, and assuming this Court does find that Defendants subsequently do meet their burden of proving they complied with a government standard at the time the truck and occupant restraint system were manufactured, Plaintiffs contend that (1) the regulations were inadequate to protect Mr. Meras and the public from the unreasonable risk of injury or damage from rollovers involving the truck model, and its occupant restraint system; and/or (2) defendants, before and/or after marketing the product, withheld or misrepresented information that was material and relevant to the federal government's or agency's determination of adequacy of the safety standards or regulations defendants contend are at issue.

16. Defendants further had a duty to exercise ordinary care in the design, testing, marketing, and distribution of the truck model and occupant restraint system to ensure that they were reasonably safe for their intended and foreseeable uses.

17. Defendants knew, or in the exercise of ordinary care should have known, that the truck model and occupant restraint system were defective and unreasonably dangerous to those persons likely to use the vehicle and seat belts for their foreseeable uses.

18. Defendants breached their duty of care and were thus negligent by:

   a. failing to adequately monitor the performance of predecessor model trucks and occupant restraint systems in the field to ensure that the designs were reasonably minimizing head and cervical injuries in rollover collisions;

   b. designing the truck and occupant restraint systems to meet minimum government regulations, instead of safely designing the designs to reasonably minimize head and cervical injuries in rollover collisions;

   c. failing to establish design and performance objectives or standards of the truck and occupant restraint systems to ensure that they were reasonably safe in rollover collisions;

   d. failing to adequately test the truck and occupant restraint system to ensure that they would be reasonably safe in rollover collisions;

   e. failing to use safer and feasible alternative designs that would have prevented or significantly reduced risk of head and cervical injuries in rollover collisions, without substantially impairing the utility of the truck or occupant restraint system, or increasing the risk of other injuries; and

   f. failing to use safer and feasible alternate designs which would significantly prevent rollovers such as ESC or Bendix programs.

19. The defects and/or acts or omissions of the Defendants were a producing and/or proximate cause of the injuries suffered by Mr. Meras and Plaintiffs' resulting damages.

## V.

## **DAMAGES FOR PLAINTIFFS**

20. Plaintiff Alfredo Meras seeks the following damages that have been incurred in the past or will, in reasonable probability, be incurred in the future:

   a. permanent cervical injuries causing quadriplegia, extensive physical and psychological impairment, incapacity, and disability;

   b. physical pain and suffering;

   c. disfigurement and scarring.

   d. mental anguish;

   e. pecuniary damages, including loss of earnings and earning capacity, and the ability to conduct household tasks and other aspects of personal care and services; and

   f. medical expenses.

21. Plaintiff Norma Escobar, as Next Friend of Daniella Escobar seeks the following damages that have been incurred in the past or will, in reasonable probability, be incurred in the future:

   a. loss of parental consortium; and

   b. loss of support.

22. Plaintiffs Talia Gaston and Nicasio Meras seek the following damages that have been incurred in the past or will, in reasonable probability, be incurred in the future:

   a. loss of parental consortium.

## VI.

## **EXEMPLARY DAMAGES**

23. Defendants' actions were malicious when viewed objectively at the time of the occurrence and involved an extreme degree of risk, considering the probability and magnitude of

**COMPLAINT - PAGE 6**

the potential harm to Defendants' consumers, such as Alfredo Meras. Defendants had actual awareness of the risks involved and the benefits of the alleged safer designs, but nevertheless preceded with a conscious indifference to the rights, safety, or welfare of its consumers. Therefore, exemplary damages should be assessed against Defendants to deter it and other automobile manufacturers from maliciously disregarding the rights, safety, and welfare of their consumers.

## VII.

## JURY DEMAND

24.  Plaintiffs request that the jury be empanelled to try all fact issues in this case.

## VIII.

## PRAYER

25.  Plaintiffs Alfredo Meras, Norma Escobar, as Next Friend of Daniella Escobar, Talia Gaston and Nicosia Meras pray that Defendants Paccar, Inc., Indiana Mills & Manufacturing, Inc., and National Seating Company be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for their damages, together with the costs of this suit, pre-judgment and post-judgment interest, and such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

*/s/ Robert L. Chaiken*

ROBERT L. CHAIKEN
State Bar No. 04057830
CHAIKEN & CHAIKEN, P.C.
One Galleria Tower
13355 Noel Road, Suite 600
Dallas, Texas 75240
(214) 265-0250 (Telephone)
(214) 265-1537 (Facsimile)

LEE BROWN
State Bar No. 03160250
DUSTIN BENHAM
State Bar No. 24056606
THE BROWN LAW FIRM
St. Paul Place
750 N. St. Paul Ave.
Suite 1680
214-624-3400 (Telephone)
214-624-3401 (Facsimile)

SCOTT E. OSMAN
State Bar No. 00789531
LAW FIRM OF SCOTT E. OSMAN
183 West Washington Street
Stephenville, Texas 76401
(254) 968-4681 (Telephone)
(254) 965-3548 (Facsimile)

ATTORNEYS FOR PLAINTIFFS

**COMPLAINT - PAGE 8**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**ORIGINAL**

**3-09CV1418-L**

## I. (a) PLAINTIFFS
Alfredo Meras; Norma Escobar; Talia Gaston; and Nicasio Meras

**DEFENDANTS**
Paccar, Inc.; Indiana Mills & Manufacturing, Inc.; and National Seating Company

**(b)** County of Residence of First Listed Plaintiff **Erath**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Delaware**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
JUL 30 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert L. Chaiken, Chaiken & Chaiken, P.C., One Galleria Tower, 13355 Noel Road, Ste. 600, Dallas, TX 75240; (214)265-0250

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☒ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Motor vehicle product liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/30/2009
SIGNATURE OF ATTORNEY OF RECORD: *Robert L. Chaiken*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.